IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| CONSTANCE ANDERSON, )<br>)<br>     Plaintiff, )<br>) | <br><br><br>CIVIL ACTION NO. |
| v. ) | 2:10cv412-MHT |
| ) | (WO) |
| SOCIAL SECURITY )<br>ADMINISTRATION and )<br>CHARRIOTTE ANDERSON, )<br>)<br>     Defendants. ) | |

OPINION

This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that the plaintiff's case be dismissed.  Also before the court are the plaintiff's objections to the recommendation.  After an independent and de novo review of the record, the court concludes that the plaintiff's objections should be overruled and the magistrate judge's recommendation adopted.

The court adds this brief comment: This lawsuit was removed from state to federal court pursuant to 28

U.S.C.A. §§ 1441 & 1442(a)(1) because the plaintiff had named a federal agency, the Social Security Administration, as a defendant.  The magistrate judge set this matter down for a conference because he could not discern from the plaintiff's complaint the exact nature of her complaint against the Social Security Administration.  The magistrate judge believed that a face-to-face meeting might provide the plaintiff with the opportunity to say in person what she had been unable to convey in writing.  The plaintiff, however, failed to appear or otherwise give this litigation any attention.  As the magistrate judge explained:

> "On May 14, 2010, this matter was set for a status and scheduling conference on June 1, 2010.  However, the plaintiff failed to appear at the appointed time and place, nor did an attorney appear on her behalf.  On June 1, 2010, the court issued an order directing the plaintiff on or before June 15, 2010, to show cause why this case should not be dismissed for want of prosecution. (Doc. #5).  The plaintiff was specifically cautioned that if she failed to respond as required by the order, the court would treat her failure to respond as an

> abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned would recommend that this case be dismissed for such failure. The plaintiff has filed nothing in response to the orders of the court. The court therefore concludes that this case is due to be dismissed."

The magistrate judge then entered a recommendation that "this case be dismissed for the plaintiff's abandonment of her claims, failure to prosecute this action and failure to comply with the orders of the court."

After entry of the recommendation, the plaintiff then filed a response that essentially repeated the incoherent ramblings in her complaint and that failed completely to address the basis for the magistrate judge's recommendation: that she had failed to prosecute this action and to comply with the orders of the court. This court, to put it simply, cannot provide a forum for the litigation of the plaintiff's complaint if the plaintiff is unwilling (without explanation or justification) to cooperate in processing her complaint. The court,

3

therefore, agrees with the magistrate judge that this case must be dismissed, albeit without prejudice.

An appropriate judgment will be entered.

DONE, this the 23rd day of July, 2010.

                                     /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**